IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 11-61-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| JASON WASHINGTON, et al., | |
| Defendants. | |

Before the Court is Defendant Steven Sann's Motion for Discovery Order. (*Sealed* Doc. 643.) Sann asks the Court to terminate the "sensitive material" designation currently applied to two pieces of discovery related to an unindicted coconspirator's cooperation against Sann and his codefendants. Specifically, Sann seeks to use the following materials in an ongoing civil suit against Touraj Jason Vedadi: (1) Disc #36, which includes audio of Vedadi's interview with federal case agents; and (2) Vedadi's January 9, 2012 immunity letter. (*Id.* at 2.) The government defers to the Court's discretion on the issue. (*Id.*)

"At any time, the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). A court's discretion under Rule 16 is "vast." § 262 *Fed. Prac. & Proc. Crim.* (4th ed.). In determining whether to grant the relief a party seeks pursuant to

Rule 16, the Advisory Committee suggests that a court consider factors such as "the safety of witnesses and others" and whether "a particular danger o[f] perjury or witness intimidation" exists. Fed. R. Crim. P. 16, Advisory Comm. Notes (1966 amend.).

Here, the Court finds that Sann has demonstrated good cause to terminate the "sensitive material" designation applied to the audio recording of Vedadi's debrief interview and his immunity letter. As Sann notes, any danger posed by disclosure has dissipated by both time and through Vedadi's public testimony at Defendant Jason Washington's trial. Moreover, Sann seeks termination of the "sensitive material" designation only because the audio recording and immunity letter are relevant to resolving questions in an ongoing civil proceeding—not for the purpose of harassing or otherwise harming Vedadi.

Accordingly, IT IS ORDERED that the motion (Doc. 643) is GRANTED. The "sensitive material" designation applied to the following discovery, pursuant to Local Criminal Rule 16.4, is TERMINATED:

(1) Disc #36, which includes audio of Vedadi's interview with case agents; and

(2) Vedadi's January 9, 2012 immunity letter.

IT IS FURTHER ORDERED that Sann's counsel, Michael Sherwood, may provide these materials to Sann and his civil counsel.

DATED this 28th day of June, 2021.

Dana L. Christensen, District Judge
United States District Court